■ In the Matter of the Claim of FRANK J. ELIO, Respondent, against UNITED STATES TRUCKING CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from an award in favor of claimant. On October 16, 1953, claimant worked for the employer and in the course of his employment as a chauffeur claimed while carrying a television set, upon his back, up five flights of stairs and putting it down, came in contact with a door and felt pain in chest. He rested at home the following day, Saturday and Sunday, returned to his work and on Friday, October 23, felt pain around his heart. Dr. Perrine examined the claimant on Saturday, October 24, and diagnosed his condition as a rheumatic heart. Subsequently while in the hospital claimant developed complicated factors, " endocarditis " and a further diagnosis that " emboli " had lodged in his lung and brain causing additional injury and damage. He testified that the kind of work claimant was doing aggravated his pre-existing condition " rheumatic heart ". Claimant testified that he had a prior condition of rheumatic fever when he was 10 years old. As of the date of injury, he was 34 years old. It further appears that he served in the United States Army for at least three years, part of the time overseas. The same year as the accident (1953) he applied for and apparently received life insurance after a medical examination. Dr. F. L. Landau, Jr., also testified on behalf of the claimant and because of the complicated medical, we quote from his testimony, developed on cross-examination: " Well, have you given an opinion that there is some relationship here between his work and the condition that he got? A. I stated that, yes. Q. Well, what condition do you believe is due to his work? A. I believe that, well, I'll have to enumerate them. I believe that the man sustained a myocardial infarction which was directly connected with his work and occurred while he was working. I believe that the work he did contributed to cardiac failure because it was too strenuous for his rheumatic heart to stand up under for that period of time. I also believe that because he went into failure, he developed auricular fibulation. I believe that complications of these three things with the pulmonary infarction that he had and the embolæ that he had to his brain, to his right leg and to his penis, which are things we found out from the Astoria General Hospital and I believe that the condition he has now is a residual of all these pathological things that I've mentioned beforehand." Another doctor produced on behalf of the claimant testified that in her opinion there was a causal relationship between the loss of speech function and the episode of October 16, 1953. Dr. A. Robert Peskin, called on behalf of the employer, testified as follows: " Q. Doctor, can heavy work aggravate an underlying heart condition? A. Oh, yes; no question about that." There was evidence to sustain the finding of the board that claimant suffered an accident on October 16, 1953. While the medical testimony is in serious dispute as to all facets, it resolves itself into a question of fact as to the aggravation of a pre-existing heart condition and of causal relationship between the subsequent complications arising therefrom. There was substantial evidence to sustain said finding of fact. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.